UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DEMETRI BEACHEM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CAUSE NO. 1:24cv256 DRL
1:17cr7 DRL

OPINION AND ORDER

Demetri Beachem filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He argues that his attorney was ineffective and challenges parts of his conviction. After carefully reviewing the record and the petition, the court denies *habeas corpus* relief and denies a certificate of appealability.

BACKGROUND

In October 2014, Demetri Beachem fired eleven rounds from his .45 caliber Glock (with a green laser sight) at two gang rivals. He and his three codefendants were members of the 2500 gang responsible for distributing guns and drugs in Indiana. Mr. Beachem pleaded guilty to counts 9-14 of an 18-count indictment—one count of assault with a dangerous weapon in aid of racketeering, *see* 18 U.S.C. §§ 2, 1959(a)(3); two counts of attempted assault with a dangerous weapon in aid of racketeering, *see* 18 U.S.C. §§ 2, 1959(a)(6); and three counts of discharging a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c).

In November 2021, the court sentenced Mr. Beachem to 36 months on counts 9 and 11; 168 months on count 13 to run concurrently; and 120 months on counts 10, 12, and 14 to be

served consecutively, for an aggregate sentence of 288 months [507]. Mr. Beachem appealed, and the court of appeals affirmed except to direct that the § 924(c) convictions be merged, thereby affecting only the amount of the special assessment. *See United States v. Bolden*, 2022 U.S. App. LEXIS 31485, 7 (7th Cir. Nov. 15, 2022). The court did not allow him to withdraw his plea because Mr. Beachem and his codefendants "agreed to accept a single district judge's resolution of all disputes about their sentences, and [the law] hold[s] them to that bargain." *Id.*

On remand, this court merged counts 12 and 14 with count 10 and reduced the special assessment, but it otherwise left unchanged the 288-month aggregate sentence [523]. Mr. Beachem filed a petition for certiorari, which the Supreme Court denied. *See Beachem v. United States*, 2023 U.S. LEXIS 2812, 1 (June 30, 2023). In June 2024, Mr. Beachem filed this petition arguing that his trial counsel was ineffective.

STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to *habeas corpus* relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502

U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

Mr. Beachem also requests counsel. There is generally no right to counsel in § 2255 proceedings. *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). In determining whether to appoint counsel, courts consider whether, "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997); *see Moreland v. Eplett*, 18 F.4th 261, 272 (7th Cir. 2021). Because nothing Mr. Beachem alleges warrants relief, the court denies his request for counsel.

DISCUSSION

Mr. Beachem submitted an extensive 58-page petition with several, often duplicative, attachments, but he presents at the core two central claims: (1) that his trial counsel was ineffective for not objecting to counts to which Mr. Beachem pleaded guilty, claiming today that the government could not prove certain elements, and (2) that his trial counsel was ineffective

3

for not properly informing him about the potential penalties in the plea process before the court applied the guideline for attempted murder. Neither claim has merit.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (collecting cases). To show a violation of this right, a defendant must establish that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). Courts "presume that counsel [was] effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

A. *Challenge to Underlying Convictions (Argued as Ineffective Assistance).*

Mr. Beachem challenges his convictions under counts 13 (assault with a dangerous weapon in aid of racketeering under 18 U.S.C. § 1959(a)(3)) and 14 (discharging a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)). He characterizes this as an ineffective assistance claim by saying that his trial counsel failed to object to these counts and failed to investigate or present information about the elements to him during plea negotiations. He adds that counsel should have moved for their dismissal because, in Mr. Beachem's retelling, he lacked the necessary state of mind (*mens rea*). He endeavors to explain why he believes today, despite his guilty plea under oath, he wasn't actually guilty of these crimes.

At its core, this claim is less ineffective assistance of counsel, though Mr. Beachem tries to couch it that way, and more a direct challenge to his conviction and an attempt to relitigate issues that have already been thoroughly addressed by this court and the court of appeals. He outlines several paths his counsel could have taken at trial, but nearly everything depends on his claim that he isn't guilty of assaulting S.E. and didn't have a gang-related motive to murder her.

Mr. Beachem cannot smuggle a direct appeal (his second) into a § 2255 petition by merely reciting the words "ineffective assistance." That won't work for issues he has already appealed or arguments he didn't raise on direct appeal. *See Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015) ("issues raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances") (quotations omitted); *see also Yang v. United States*, 114 F.4th 899, 912 (7th Cir. 2024) ("A claim not raised on direct appeal generally may not be raised for the first time on collateral review and amounts to procedural default.") (quotations omitted). This is particularly true when, in his plea agreement, Mr. Beachem agreed not to appeal or contest his conviction in any manner other than ineffective assistance of counsel [291 ¶ 8(d)]. His current challenges to the sufficiency of his conviction aren't truly based on ineffective assistance of counsel; he claims his conduct didn't sufficiently establish a factual basis for the convictions, and, contrary to what he told the court under oath, he asserts he would have argued actual innocence.

Even if the court construes his argument as an ineffective assistance claim, to allege ineffective performance at the plea stage, he "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States*, 726 F.3d 958, 966-67 (7th Cir. 2013). Mr. Beachem's alleged error is "belied by his own statements at

5

the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).

The court's plea colloquy can ameliorate the adverse impact of his counsel's misinformation. *See Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). Though certain statements made at a plea hearing may be impacted by a counsel's constitutionally ineffective actions, *Hurlow*, 726 F.3d at 967, a court should "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies," *Lee v. United States*, 582 U.S. 357, 369 (2017). Additionally, statements at a plea hearing are made under oath, so the court is "generally justified in discrediting the proffered reasons for the motion . . . and holding the defendant to his admissions at the plea colloquy." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (quotations and brackets omitted).

At Mr. Beachem's plea hearing, he testified under oath that he understood the essential elements of each charge and still believed he was guilty [389 Tr. 12-18]. The court asked him if his counsel had told him what the government would have to prove if the case went to trial, and Mr. Beachem affirmed that his counsel had done so [*id.* Tr. 6]. The government, at the court's invitation, explained the essential elements of each charged offense [*id.* Tr. 12-18]. Mr. Beachem confirmed he understood and told the court, under oath, that he believed he was guilty of each charge and felt "like the government would have sufficient evidence and testimony for a jury to find [him] guilty" [*id.* Tr. 52-53]. Mr. Beachem says now his counsel should have gotten counts 13 and 14 dismissed in plea negotiations; but, under oath at his plea hearing, he told the court he was "fully satisfied with the job" trial counsel had done for him, said there wasn't anything else he wanted, and confirmed that his trial counsel had never ignored his wishes [*id.* Tr. 6].

6

What's more, his trial counsel posed questions to Mr. Beachem to establish a factual basis, and Mr. Beachem testified to facts under oath his petition now disputes and denies. For example, he confirmed that he understood that S.E. was injured and testified, "I'm not disputing it" [*id.* Tr. 21]. He now challenges his *mens rea* and says his counsel could have challenged the charges and argued his innocence; but, at his plea, he testified that he and his lawyer had a conversation about transferred intent, and he admitted that, though he "didn't know that S.E. was inside the home, the fact that [he] intended to shoot toward a different person [could] be transferred to S.E. and that the intent can be applied that way" [*id.* Tr. 22]. He added, under oath, that his goal at the time was to stay connected to his codefendants, in contrast to his current claim that he had no gang-related motive [*id.* Tr. 24; 555 at 17]. His petition argues he was not "found in possession of any firearm" [555 at 16], but at the plea he told the court, "I did possess a firearm" [389 Tr. 52-53]. Finally, he confirmed that he believed that "taking responsibility for Counts 9 through 14" was "in [his] best interest" and "the appropriate disposition in this case" [*id.* Tr. 24]. The court is entitled to believe Mr. Beachem's statements at the plea hearing over his unsworn statements in his petition now, after his sentence. *Patterson*, 576 F.3d at 437. At that time, he told the court he understood the elements, agreed with the extensive factual basis, and believed he was guilty of all the charges.

Mr. Beachem adds that his trial counsel should have argued that he didn't commit a crime that sufficiently satisfies the use of force clause in § 924(c). The substantive argument (whether he committed a crime) would be procedurally defaulted, but he couches this as an ineffective assistance of counsel claim. *See Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004). But his offense qualified as a use of force under § 924(c), and the case law he references doesn't apply to

7

his case. He cites *United States v. Davis*, 588 U.S. 445, 470 (2019), which held 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague in 2019. The court sentenced Mr. Beachem in November 2021, two years after the decision, using only constitutional law [504]. *See* 18 U.S.C. § 924(c)(1)(A)(iii). He also cites *Borden v. United States*, 593 U.S. 420, 444 (2021). *Borden* held that offenses with a *mens rea* of recklessness don't qualify as violent felonies under the Armed Career Criminals Act, 18 U.S.C. § 924(e)(2)(B)(i). *Borden*, 593 U.S. at 445. It doesn't apply to Mr. Beachem because he wasn't sentenced under ACCA; he was sentenced under 18 U.S.C. § 924(c)(1)(A)(iii). And Mr. Beachem's argument that he didn't commit a qualifying crime doesn't hold water. Mr. Beachem committed a crime of violence—he pleaded guilty to a count of assault with a dangerous weapon with elements that categorically constitute just such a predicate offense. *See* 18 U.S.C. § 1959(a)(3); *see also United States v. Thomas*, 87 F.4th 267, 273 (4th Cir. 2023) (citing *Manners v. United States*, 947 F.3d 377, 381-82 (6th Cir. 2020)) (VICAR assault is a crime of violence). In short, Mr. Beachem cannot establish that his trial counsel's representation was deficient.

Mr. Beachem also hasn't shown prejudice. He "contends" that he would have gone to trial if he would have been "properly informed" or at least insisted on a different plea [555 at 16]. He then adds an "And/or" saying the court may have rejected the plea, without any evidence to suggest the court would have done so. To show prejudice, he must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (objective evidence is needed to establish a probability that the defendant wouldn't have accepted the plea); *see also United States v. Barr*, 960 F.3d 906, 918 (7th Cir. 2020) (post-sentencing affidavit alone not enough to disturb guilty plea when defendant

8

hasn't "produced any other evidence—let alone evidence contemporaneous with his guilty plea—that suggests he would not have pled guilty"). Courts "look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 582 U.S. at 369. Examples of this evidence includes "testimonial evidence, a history of plea discussion," or the type of misinformation likely to impact a plea. *Julian v. Bartley*, 495 F.3d 487, 500 (7th Cir. 2007). Mr. Beachem hasn't presented anything like this; he has simply made vague assertions. That doesn't show prejudice, particularly in light of his prior sworn statements.

  B. *Ineffective Assistance of Counsel.*

Mr. Beachem argues that his trial attorney's actions prevented him from entering into a knowing and voluntary plea—specifically with reference to the possible penalty he faced. Mr. Beachem faults his counsel for not advising him that the attempted murder guideline would be used to calculate his sentencing range. *See* U.S.S.G. § 2A2.1. He says his counsel misinformed him about possible sentences he faced and that, had he been properly informed on the penalty (specifically the attempted murder guideline), he would have gone to trial. He claims he lacked any required knowledge for an attempted murder charge. He seems at times to couch his ineffective assistance claim as a "failure to investigate," but his primary complaint centers around his counsel's alleged failure to advise him that the attempted murder guideline could apply. He argues that he either could have gotten a better plea agreement or gone to trial with this knowledge.

Mr. Beachem says his counsel misled him about sentencing. He attaches a letter from his counsel explaining "the likely sentencing result based on the plea offer" [555-6 at 5]. The letter to Mr. Beachem outlines a lower sentence than he received, noting that it appeared likely that the

9

worst case scenario would be a range of 141-147 months (notably this was just for counts 9, 11, and 13—not the additional mandatory ten years consecutive for counts 10, 12, and 14) [555-6 at 6-7]. His counsel's letter explained that this was "likely," "preliminary," and what he believed; nothing in the letter indicates that he assured Mr. Beachem the sentence wouldn't or couldn't be higher [*id.*]. Mr. Beachem confirmed during his plea colloquy that no one had made any promises or predictions to get him to plead guilty [389 Tr. 50]. He affirmed that he understood the court didn't have to pick a sentence within the guideline range that he and his counsel discussed [*id.* Tr. 46-47]. *See Bridgeman*, 229 F.3d at 592; *see also Hutchings*, 618 F.3d at 699.

      Mr. Beachem also told the court that he understood the potential penalties for the counts to which he agreed to plead guilty [389 Tr. 44]. His counsel noted that he and Mr. Beachem had had "extensive conversations" about sentencing, including the statutory minimums and maximums and "the Court's discretion" [*id.* Tr. 45]. Mr. Beachem testified that he and his counsel had reviewed the guidelines, and the court cautioned him that, "No one can say for sure how [the court] may answer the questions under the Guidelines" [*id.* Tr. 46-47]. The court warned him that it could arrive at a sentence that Mr. Beachem expected or one that he didn't expect, but Mr. Beachem "would not have the right to withdraw from [his] plea agreement merely because [the court] came up with a sentence that [he] may not have expected" [*id.* Tr. 47]. He understood that the court would decide all questions under the sentencing guidelines, that the court would determine the applicable sentencing guideline range, that no one could predict the precise sentence to be imposed, and that the court could impose any sentence within the statutory maximum. Mr. Beachem confirmed that he understood [*id.*] and still wished to plead guilty [*id.* Tr. 52].

Even if Mr. Beachem was mistaken about his sentence or potential guidelines range, a defendant's incorrect belief about his sentence alone is insufficient to warrant relief. *United States v. Redmond*, 667 F.3d 863, 872-73 (7th Cir. 2012); *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008); *United States v. Howard*, 341 F.3d 620, 622 (7th Cir. 2003). And a defendant need not understand how a court will structure the ultimate sentence, not least with the more esoteric workings of merger or the more common applications of concurrent or consecutive sentences, so long as he understands the nature of the charges and the potential sentences that could be imposed. *See, e.g., United States v. Henry*, 702 F.3d 377, 381 (7th Cir. 2012) ("court was not required to advise [the defendant] that his federal sentence might be imposed to run consecutive"); *United States v. Ray*, 828 F.2d 399, 418 (7th Cir. 1987) ("whether the federal sentence runs concurrently with or consecutively to the state sentence is not a direct consequence of the plea"); *see also* Fed. R. Crim P. 11(b)(1). Courts have repeatedly held that "the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea." *Bowlin*, 534 F.3d at 660 (quotations omitted). Mr. Beachem said under oath he understood the charges, the maximum penalties, and the court's discretion; the law won't allow him to withdraw now based on *post hoc* objections.

Mr. Beachem knows this law all too well because he tried to withdraw from his plea after the court ruled that it would apply the attempted murder guideline, and the court didn't allow him to withdraw. *See United States v. Beachem*, 2021 U.S. Dist. LEXIS 52809, 25-27 (N.D. Ind. March 19, 2021) (applying attempted murder enhancement because the evidence demonstrated "Mr. Beachem's intent to kill"); *United States v. Beachem*, 2021 U.S. Dist. LEXIS 100089, 16 (May 27, 2021) (denying Mr. Beachem's motion to withdraw his guilty plea based on the attempted

11

murder enhancement). After sentencing, Mr. Beachem appealed, and the Seventh Circuit affirmed the sentences, only to require merging of the § 924(c) counts. *Bolden*, 2022 U.S. App. LEXIS 31485 at 7. This third attempt to escape his sworn agreement won't work.

Because Mr. Beachem told the court under oath that he understood at the time of his plea that no one could know what sentence he would receive and confirmed he still wished to plead guilty, he cannot argue now, as ineffective assistance, that his counsel failed to advise him that the attempted murder guideline would apply, particularly when his counsel advocated so vociferously against its application. The court denies the petition on this ground.

## CERTIFICATE OF APPEALABILITY

Mr. Beachem fails to offer facts that, if proven, would entitle him to relief. As such, no hearing is necessary, and Mr. Beachem's petition is denied. *See Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Based on the assertions Mr. Beachem has made

in this petition, including assertions that directly contrast the record before the court, reasonable jurists could not debate the conclusions today. The court thus denies a certificate of appealability.

## CONCLUSION

The court DENIES Mr. Beachem's petition to vacate his sentence under 28 U.S.C. § 2255 and his motion for discovery [555] and DENIES a certificate of appealability. This order terminates the civil case [Cause No. 1:24cv256].

SO ORDERED.

August 28, 2025                                           *s/ Damon R. Leichty*
                                                          Judge, United States District Court